**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**POPSOCKETS LLC,**

*Plaintiff*,

v.

**Case No. 2:26-cv-00740**

**JURY TRIAL DEMANDED**

**REARTH, INC., and REARTH USA, LLC**

*Defendants*.

## DEFENDANTS REARTH, INC AND REARTH USA, LLC'S ORIGINAL ANSWER

Defendants Rearth, Inc. ("Rearth") and Rearth USA, LLC ("Rearth USA") (collectively, the "Defendants") hereby answer Plaintiff PopSockets LLC's ("Plaintiff") Complaint as follows:

1. Defendants admit that PopSockets brought this litigation against them for alleged infringement of U.S. Patent Nos. 11,989,058 (the "'058 Patent") and 11,899,496 (the "'496 Patent"). Except as so admitted, Defendants deny the remaining allegations in this paragraph.

## I. THE PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

3. Defendant Rearth admits that it is a company formed under the laws of South Korea with a place of business at 466 Gilju-ro, Bucheon-si, Gyeonggi-do 14556, South Korea. The remaining allegations in this paragraph are a statement of a matter of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this

paragraph may be deemed to contain any factual allegations requiring a response, Defendant Rearth denies any such allegations.

4. Defendant Rearth USA admits that it is a limited liability company formed under the laws of Texas. The remaining allegations in this paragraph are a statement of a matter of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendant Rearth USA denies any such allegations.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

## II. JURISDICTION AND VENUE

6. Defendants admit that this Court has subject matter jurisdiction over this matter. Except as so admitted, Defendants deny the remaining allegations in this paragraph.

7. The allegations in paragraph 7 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

8. The allegations in paragraph 8 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

9. The allegations in paragraph 9 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

10. The allegations in paragraph 10 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

11. The allegations in paragraph 11 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

12. The allegations in paragraph 12 are a statement of law which presents no factual allegations to which a response is required, pursuant to Fed. R. Civ. P. 8(b). To the extent that this paragraph may be deemed to contain any factual allegations requiring a response, Defendants deny any such allegations.

## III. FACTUAL ALLEGATIONS

### A. Background

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint.

### B. The ‘058 Patent

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same. Defendants lack knowledge or information sufficient to form a belief as to the truth or authenticity of Plaintiff's Exhibit 1 that is mentioned in this paragraph and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same. Defendants lack knowledge or information sufficient to form a belief as to the truth or authenticity of Plaintiff's Exhibit 1 that is mentioned in this paragraph and therefore deny the same.

**C. The '496 Patent**

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations set forth in this paragraph and therefore deny the same. Defendants lack knowledge or information sufficient to form a belief as to the truth or authenticity of Plaintiff's Exhibit 2 that is mentioned in this paragraph and therefore deny the same.

**D. Defendants' Infringing Activities**

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

## IV. FIRST CLAIM FOR RELIEF – '058 PATENT

28. Defendants incorporate by reference the answers contained in the foregoing paragraphs as if fully stated herein.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

## V. SECOND CLAIM FOR RELIEF – '496 PATENT

45. Defendants reallege and incorporate the answers contained in the foregoing paragraphs as if fully set forth herein.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

## VI. DEMAND FOR JURY TRIAL

56. Pursuant to Fed. R. Civ. P. 38, Defendants respectfully demand a jury trial on any issues triable of right by a jury.

## VII. PRAYER FOR RELIEF

57. Defendants deny that Plaintiff is entitled to any and all requested relief.

## VIII. AFFIRMATIVE AND OTHER DEFENSES

58. Defendants assert the following defenses to the Complaint:

59. **Non-Infringement.** Plaintiff's claims are barred, in whole or in part, because Defendants do not, and have not, infringed (either literally or under the doctrine of equivalents) any valid and enforceable claim of United States Patent Nos. 11,989,058 (the "'058 Patent") and 11,899,496 (the "'496 Patent") (collectively, the "Asserted Patents") under any theory of

infringement, directly, indirectly, or otherwise. At least one or more claim elements of the Asserted Patents are not present or practiced by Defendants' Accused Products.

60. **Invalidity.** Plaintiff's claims are barred, in whole or in part, because the claims of the Asserted Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (eligibility), 102 (anticipation), 103 (obviousness), 112 (indefiniteness, failure to satisfy the written description and/or enablement requirements, and/or failure to claim what the applicants regarded as their invention), for improper inventorship, and/or the rules, regulations, and laws pertaining thereto. For example, claims of the Asserted Patents are anticipated or rendered obvious in view of at least the following prior art references: U.S. Patent Publication No. 20110192857; Korean Utility Patent No. KR101062557.

61. **Equitable Doctrines.** PopSockets' claims against Defendants regarding the Asserted Patents are barred in whole or in part, and the patents are unenforceable against Defendants and/or damages are barred or limited, due to the equitable doctrines of estoppel, implied license, express or implied waiver, acquiescence, and/or unclean hands.

62. **Prosecution Estoppel.** Plaintiff's claims are barred, in whole or in part, because the Asserted Patents are and were limited by amendment, by the prior art, and/or by statements made to the United States Patent and Trademark Office during the prosecution of the application(s) that led to the issuance of the Asserted Patents and/or related applications, such that PopSockets is barred, under the doctrines of prosecution disclaimer and/or prosecution history estoppel, from construing the claims of the Asserted Patents in such a way as may cover the Accused Products.

63. **Time Limitation on Damages.** Plaintiff's recovery of damages is limited by applicable provisions of the Patent Act, including Sections 154 and 286. Without admitting infringement or any entitlement to damages, Defendants assert that Plaintiff may not recover

ordinary patent-infringement damages for alleged infringing acts occurring before issuance of the applicable Asserted Patents. Patent rights under Section 154(a)(2) begin on the date the patent issues. 35 U.S.C. § 154(a)(2). Accordingly, any claim for ordinary infringement damages concerning the ’058 Patent is limited to alleged infringing acts occurring on or after May 24, 2024, and any such claim concerning the ’496 Patent is limited to alleged infringing acts occurring on or after February 13, 2024.

64. Further, under Section 286, Plaintiff may not recover damages for any alleged infringement committed more than six years before the filing of the Complaint. 35 U.S.C. § 286.

65. **Failure to Mark.** Plaintiff’s claims for damages are limited by its failure to comply with the patent marking statute, 35 U.S.C. § 287.

66. **Preclusion of Costs.** PopSockets is precluded under 35 U.S.C. § 288 from recovering costs associated with its action.

67. **No Recovery of Attorney’s Fees.** PopSockets is precluded from recovering attorney’s fees under 35 U.S.C. § 285 and/or pursuant to this Court’s inherent power.

68. **Violation of Duty of Disclosure.** Upon information and belief, the Asserted Patents are unenforceable due to the patentee’s failure to fulfill its duty of candor and good faith in dealing with the USPTO, which includes a duty to disclose to the USPTO all information known to that individual to be material to patentability.

69. **Inequitable Conduct.** Upon information and belief, the Asserted Patents are unenforceable due to the patentee’s misrepresentations or omissions of material information with the specific intent to deceive the USPTO.

70. **Additional Defenses Reserved.** Defendants continue to investigate their defenses and expressly reserve the right to allege and assert any additional defenses available under Rule

8(c) of the Federal Rules of Civil Procedure, Patent Laws of the United States, and any other defenses at law or in equity, that may exist now or in the future or become available based on discovery and further factual investigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of Defendants on all claims and against Plaintiff;
3. That Defendants be awarded their attorneys' fees and costs; and
4. For such other and further relief as this Court may deem proper.

Date: November 20, 2026

Respectfully submitted,
SUL LEE LAW FIRM, PLLC

*/s/ Sul Lee*
Sul Lee
State Bar No. 24078844
sul@sulleelaw.com
Diren Singhe
State Bar No. 24044135
dsinghe@sulleelaw.com
3030 Lyndon B Johnson Fwy, Suite 820
Dallas, TX 75234
Tel. (214) 206-4064
Fax. (214) 206-4068

**ATTORNEYS FOR DEFENDANTS REARTH, INC. AND REARTH USA, LLC**